Marvin **SIEBERSMA**, doing business as **SEMCO**, Appellee,

v.

Don L. **VANDE BERG**, doing business as Vande Berg Scales; Wilma Vande Berg, doing business as Vande Berg Scales; David Vande Berg, doing business as Vande Berg Scales, Appellants.

No. 94–3176.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1995.

Decided Sept. 1, 1995.

Gerald M. Kraai and Michael Elbein, Kansas City, MO, for appellant.

Appellee, pro se.

Before WOLLMAN and HANSEN, Circuit Judges, and MAGNUSON,* District Judge.

WOLLMAN, Circuit Judge.

In this copyright dispute, the district court granted partial summary judgment and a preliminary injunction favoring computer programmer Marvin Siebersma. Because of the existence of a genuine dispute of material fact, we reverse the partial summary judgment and dissolve the preliminary injunction.

## I

Starting in 1988, Siebersma wrote computer programs for Vande Berg Scales (VBS) as an independent contractor. While continuing to do contract work for VBS, Siebersma in 1989 also started doing hourly work at company headquarters. Siebersma contends that this hourly work was limited to system maintenance and that he never wrote programs at the company offices, but rather continued to do that work at home.

In 1992, the relationship between VBS and Siebersma ended. VBS had pressed Siebersma to come on as a regular employee; he refused. Near the end of the relationship, Siebersma and VBS began to dispute the copyright ownership of two programs allegedly written by Siebersma in 1991 and used ever since in many of the computerized scale systems sold by VBS. Siebersma, who did not file a brief in this appeal, argued before the district court that he owns the copyrights, since he wrote the programs on his own time and not for any specific VBS con-tract. VBS contended that Siebersma did write part of the programs during his hourly work for VBS, and that at any rate a regular VBS employee translated Siebersma's handwritten programming commands (called "pseudocode") into computer language and keyed it in, a contribution that made VBS at least a joint owner of the copyrights. Siebersma retorted that such pseudocode transcription is a rote clerical task rather than a copyrightable contribution.

The district court rejected all of VBS's contentions. Finding no genuine dispute of material fact, the district court granted Siebersma summary judgment limited to the issues of copyright ownership and infringement. The district court also granted Siebersma's motion for a preliminary injunction forbidding VBS from selling scale systems including either of the two disputed programs.

## II

The central issue in this case is whether Siebersma is the sole owner of the copyrights. This question turns on the nature of the employment relationship between Siebersma and VBS. *See Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 750–53, 109 S.Ct. 2166, 2178–80, 104 L.Ed.2d 811 (1989) (common-law rules of agency control ownership of copyright as between employer and employee; roughly speaking, independent contractor owns copyright, whereas regular employee has no interest in work he creates). Loosely stated, if Siebersma (or any joint author) was a regular employee of VBS or if the programs were otherwise written exclusively for VBS, VBS owns at least a share of the copyrights at issue. *See id.; see also Words & Data, Inc. v. GTE Comm. Servs., Inc.,* 765 F.Supp. 570, 574–75 (W.D.Mo.1991) (setting out standard for joint authorship).

The district court found that VBS did not raise a genuine dispute on the issue of the ownership of the copyrights on the two programs. We disagree. VBS points to a writ-

* The HONORABLE PAUL A. MAGNUSON, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

ten 1990 agreement between the parties providing for royalties to Siebersma on VBS sales of his programs. The district court cited to this agreement as evidence that Siebersma in fact was an independent contractor and thus a copyright owner entitled to royalties. But this agreement can also be used to support the position that the parties never believed Siebersma was the copyright owner and that the parties perhaps assumed that Siebersma was not entitled to royalties without such an agreement. More importantly, the district court gave short shrift to another sentence in the document providing that all agreements between the parties were to end when Siebersma left VBS. Read in light of this provision, the agreement raises the possibility that even if Siebersma did initially own the copyrights, he may have sold them to VBS for a royalty stream to end when he stopped working for VBS. (VBS argues that one of its goals in entering this agreement was to make staying with VBS attractive to Siebersma, a plausible interpretation. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986) (non-moving party entitled to all reasonable inferences from the evidence).) VBS in defending against summary judgment need not prove its case; it need only raise a non-frivolous dispute regarding copyright ownership. That it has done.

### III

The district court also held that Siebersma met all the prerequisites for a preliminary injunction enjoining VBS from using the programs at issue here, including the prerequisite of showing a substantial likelihood of success on the merits. *See Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir.1981) (en banc). As the district court relied heavily on its grant of partial summary judgment to Siebersma in deciding that Siebersma had established the requisite likelihood of success on the merits, the preliminary injunction must be dissolved and the motion for an injunction reconsidered.

VBS's claim that the district court had no discretion to waive the bond required of preliminary injunction beneficiaries by Fed.

R.Civ.P. 65(c) is mooted by the dissolution of the injunction.

The partial summary judgment is reversed, the preliminary injunction is dissolved, and the case is remanded for further proceedings.